IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| University of California Student Association<br><br>Plaintiffs,<br><br>v.<br><br>Denise Carter, in her official capacity as Acting Secretary of Education, et al.,<br><br>Defendants. | Case No 1:25-cv-00354-RDM<br><br><br>Judge Randolph D. Moss |

### DECLARATION OF THOMAS FLAGG

1. My name is Thomas Flagg. I am the Chief Information Officer (CIO) at the United States Department of Education ("Department"). I have held this role since October 2024 and joined the department officially on October 6, 2024 (Sunday) being sworn into my position on October 7, 2024.

2. In my capacity as CIO, I have governance and oversight over administrative access to Department of Education systems, including the ability to audit and review (through system administrators and cybersecurity specialists) access history for systems containing information protected by the Privacy Act, the Federal Information Security Management Act, and other applicable law. This includes administrative access to, among other systems, the Federal Student Aid systems, such as the National Student Loan Data System (NSLDS) and the Financial Management System (FMS).

3. The following is based on my personal knowledge or information provided to me in the course of performing my duties.

4. To my knowledge, only Department contractors and employees, including the four federal employees on detail to the Department to assist leadership with implementing the President's Department of Government Efficiency ("DOGE") Executive Order, number 14,158, have accessed Department information technology and data systems since January 20, 2025.

5. To my knowledge, individuals with access to Department systems that contain information potentially protected by the Privacy Act and section 6103 of the Internal Revenue Code (that is, Department employees and contractors) have not disclosed

information protected by the Privacy Act or section 6103 of the Internal Revenue Code to individuals not employed by the Department in connection with the implementation of Executive Order 14,158. The Department routinely shares information with other Executive departments and agencies as part of other, non-DOGE-related initiatives, which I do not understand to be at issue in the litigation for which I submit this declaration. For example, the Department routinely shares information with the Social Security Administration.

6. The first employee affiliated with DOGE and detailed to the Department arrived on or about January 28, 2025. Before granting him access to any Department systems, he was directed to the Office of Personnel Security, so that his background and security authorization could be validated and he could receive a Personal Identity Verification card. As I recall, he did not receive a laptop or access to any Department systems that day.

7. The following day, as I recall, that employee met with Department personnel to review a "Rules of Behavior" document, which is primarily about network behavior and access to information, which specifically discusses the Privacy Act, and which requires a signature. At that point, he was cleared and received a laptop and access to some Department systems.

8. The other five employees associated with DOGE (some detailed and others Department of Education as their home agency), went through approximately the same process, as this process is required as part of standard onboarding.

9. For each of these six employees, access to specific systems depended on their specific need and expertise, and was not granted until they had completed their background validation with the Office of Personnel Security, completed the Rules of Behavior briefing and signature, received their Personal Identity Verification card, and received a laptop.

***

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, DC this 15th day of February.

_____
Thomas Flagg

Digitally signed by THOMAS FLAGG
Date: 2025.02.16 16:58:07 -05'00'