UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| American Federation of Teachers, *et al.*,<br><br>     *Plaintiffs*,<br><br>vs.<br><br>SCOTT BESSENT, in his official capacity as Secretary of the Treasury, *et al.*,<br><br>     *Defendants*. | Case No. 8:25-cv-00430<br><br><br>Judge:   Hon. Deborah Boardman |

## JOINT STATUS REPORT

The Parties respectfully submit this Joint Status Report as directed by the Court. *See* Memorandum Opinion and Temporary Restraining Order, ECF No. 38, at 33.

**Schedule for Production of Administrative Record**

Defendants will assemble and produce to Plaintiffs an administrative record regarding Defendants' decision to provide Department of Government Efficiency ("DOGE") affiliates[1] access to the systems of records maintained by the Department of Treasury, Department of Education, and the U.S. Office of Personnel Management on or before March 7, 2025 by 5pm ET. In the event Defendants produce the administrative record more than 24 hours before that deadline, the parties agree to shift forward the proposed deadlines for the preliminary injunction briefing, outlined below, by one day for each full 24-hour period before the deadline that Defendants submit the administrative record.

**Request for Limited Discovery**

The Parties' respective positions on requests for limited discovery are set out below.

---

[1] The Parties incorporate herein the Court's definition of DOGE affiliates, as set forth in its Order. *See* Order, ECF No. 38, at 5 n.2.

### 1.    *Plaintiffs' Position*

In light of Defendants' inability to represent the contents of the administrative record during the meet and confer, Plaintiffs reserve the right to seek discovery from Defendants with respect to the following categories, to the extent such information is not included in the administrative record ultimately produced by Defendants on or before March 7, 2025: (1) documents regarding each Defendants' decision to grant DOGE affiliates access to their data systems and the personally identifiable information ("PII") contained within, including but not limited to any recommendations *not* to grant access to or to revoke access from any DOGE affiliate; (2) documents identifying the DOGE affiliates who have (or have had) access to each of Defendants' systems of records, including the name of each DOGE affiliate, the system(s) each DOGE affiliate has (or had) access to, the date(s) each DOGE affiliate had access to each system, the level of access each DOGE affiliate has (or had) to each system, the official titles and responsibilities of each DOGE affiliate, and the level of security clearance each DOGE affiliate possesses;[2] (3) documents describing the purpose for which each DOGE affiliate was granted access to Defendants' systems of records; and (4) documents, whether formal or informal, describing, detailing, or otherwise explaining each DOGE affiliates' use and dissemination of the records contained within Defendants' systems of records, including in connection with artificial intelligence ("AI") tools or software, such as report-outs, project summaries, and status updates sent by email, as an attachment, or through text message or other messaging device.

Each of these narrow categories of discovery is directly relevant to whether Defendants have violated the Privacy Act by granting DOGE affiliates access to their systems of records without prior written consent of Plaintiffs. Accordingly, to the extent the administrative record lacks such information, the Court should grant Plaintiffs' request for limited discovery to obtain it. The Court's decision in *Mayor & City Council of Baltimore v. Trump*, 429 F. Supp. 3d 128

---

[2] To accommodate Defendants' concerns about public disclosure of the names of DOGE affiliates, Plaintiffs are willing to stipulate to a Protective Order that would obscure the names of individual DOGE affiliates in public filings, with the specific terms of such an order to be negotiated between the parties.

(D. Md. 2019), is instructive. There, the Court recognized that "[d]iscovery beyond the [administrative] record may be appropriate where the record is incomplete; where additional information would provide helpful context; where supplemental information would assist the court in determining whether the agency failed to consider relevant factors; and, where the record's integrity has been impugned." *Id.* at 137. An administrative record that lacks the essential information set forth in the prior paragraph would be manifestly incomplete.

In addition to the above, Plaintiffs seek to serve no more than three requests for admission on Defendants and to question no more than five witnesses employed by Defendants at the hearing on Plaintiffs' Motion for Preliminary Injunction. During the hearing on Plaintiffs' Motion for Temporary Restraining Order, Defendants were unable to answer basic questions from the Court regarding which systems were being accessed by DOGE affiliates, whether any of the PII contained within those systems were being fed into AI by DOGE affiliates, and what the official titles and specific duties were of the DOGE affiliates who had been given access. Understanding the circumstances regarding these DOGE affiliates' access to Defendants' data systems and subsequent use and dissemination of the PII contained within those systems is necessary to test Defendants' assertion that DOGE affiliates' sweeping access falls within the need-to-know exception set forth in the Privacy Act and is therefore not contrary to law, arbitrary and capricious, or in excess of statutory authority under the Administrative Procedure Act. Plaintiffs' discovery requests, including their request for no more than three requests for admissions and the ability to question no more than five witnesses at the hearing itself, are narrowly tailored to that purpose. Indeed, the Supreme Court has recognized that courts may "require the administrative officials who participated in the decision to give testimony explaining their action" when it would be difficult to exercise effective judicial review otherwise. *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977); *see also Camp v. Pitts*, 411 U.S. 138, 142-43 (1973).

2. **Defendants' Position**

No extra-record discovery should be permitted here because the general rule is that

discovery is not permitted in an APA case. Claims seeking review of an agency action under the APA "are adjudicated without a trial or discovery, on the basis of an existing administrative record." *Audubon Naturalist Soc'y of the Cent. Atl. States, Inc. v. U.S. Dep't of Transp.*, 524 F. Supp. 2d 642, 659 (D. Md. 2007) (reviewing final agency determination under APA usually "does not require fact finding" and is "limited to the administrative record"). "[T]he focal point for judicial review" under the APA should be "the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142, 93 S. Ct. 1241, 36 L.Ed.2d 106 (1973); *see also, Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420 (1971), *abrogated on other grounds*, *Califano v. Saunders*, 430 U.S. 99 (1977); *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). Further, the reviewing court must not substitute its judgment for that of the agency decision maker but, instead, should determine whether the agency decision, based on the record before the decision maker, was arbitrary and capricious or contrary to law. *See Overton Park*, 401 U.S. at 416; *see also Florida Power & Light*, 470 U.S. at 744.

  While there are narrowly defined exceptions that in rare cases permit extra-record evidence, the rule in this Circuit is that the focus should remain on the administrative record. *Citizens for the Scenic Severn River Bridge, Inc. v. Skinner*, 802 F. Supp. 1325, 1331 (D. Md. 1991*), aff'd sub nom. Citizens for Scenic Severn River Bridge, Inc. v. Skinner*, 972 F.2d 338 (4th Cir. 1992), citing *Virginia Agr. Growers Ass'n v. Donovan,* 774 F.2d 89 (4th Cir.1985); *Webb v. Gorsuch,* 699 F.2d 157, 160 (4th Cir.1983); *Fayetteville Area Chamber of Commerce v. Volpe,* 515 F.2d 1021, 1028 (4th Cir.1975). The standard for going outside the record is, necessarily, a demanding one. Were it otherwise, "every challenge to administrative action would turn into a fishing expedition into the motives of the defendant agency." *Off. of Foreign Assets Control v. Voices in Wilderness*, 382 F. Supp. 2d 54, 63 (D.D.C. 2005) (denying motion for discovery in an APA case).

  Here, Plaintiffs have brought three APA claims challenging what they have defined to be agency decisions to grant access to certain systems of records containing their personal

identifying information. The Court's task on the merits will be to look at the administrative record and determine whether those decisions were rational and lawful. Yet, despite the expedited nature of the proceedings, Plaintiffs seek discovery outside the record as well as extra-record testimony, neither of which is relevant to the Court's task of reviewing the information that was before the decisionmaker at the time the decision to grant access was made. Although Plaintiffs suggest they would seek discovery on agency actions that post-date the decision to provide access, that would not be relevant to the APA claims before the Court. Because reliance on discovery and testimony developed in the reviewing court is generally impermissible, *Camp v. Pitts*, 411 U.S. at 138, the Court should reject any request for discovery and testimony and limit the preliminary injunction proceedings to the briefs and the administrative record.

**Briefing Schedule for Preliminary Injunction Motion**

Provided that Defendants produce the administrative record on March 7, 2025, by 5pm ET, the Parties jointly propose the following schedule for briefing on a Motion for Preliminary Injunction:

- Plaintiffs' Motion for Preliminary Injunction and Memorandum In Support: March 12, 2025 by 5pm ET

- Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction: March 17, 2025 by 5pm ET

- Plaintiffs' Reply in Support of Plaintiffs' Motion for Preliminary Injunction: March 19, 2025 by 5pm ET

If the Court's schedule permits, the Parties request that a hearing on Plaintiffs' Motion for Preliminary Injunction be held on March 20, 2025 or as soon as possible following the completion of briefing and in all events, no later than March 24, 2025. The Parties agree that the Court may extend its Temporary Restraining Order until a hearing on the merits of Plaintiffs' Motion for Preliminary Injunction or March 24, 2025 at 8:00 a.m., whichever occurs earlier, pursuant to Federal Rule of Civil Procedure 65.

The Parties agree that the aforementioned proposed dates for briefing are without prejudice to (i) Defendants' ability to shift the revised briefing schedule up in 24-hour increments as set forth above; or (ii) Plaintiffs' ability to propose and seek a revised briefing schedule if a discovery dispute arises in connection with Defendants' administrative record production, *i.e.*, the production is insufficient, or if Defendants' production occurs after 5pm ET on March 7, 2025.

The parties acknowledge that Plaintiffs' agreement to this proposed schedule does not waive their right to seek additional written discovery—and, to the extent necessary, further extension of the TRO—in the event that Plaintiffs determine that the administrative record produced by Defendants does not cover the categories of discovery materials outlined by Plaintiffs above.

DATED: February 25, 2025

By:     */s/Xiaonan April Hu*

Xiaonan April Hu (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 220-1123
April.Hu@mto.com

John L. Schwab (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S Grand Ave 50th Floor
Los Angeles, California 90071
(213) 683-9260
John.Schwab@mto.com

Carson Scott (*pro hac vice*)
Roman Leal (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
(415) 512-4000
Carson.Scott@mto.com
Roman.Leal@mto.com

Mark Hanna (Fed. Bar No. 16031)
David J. Rodwin (Fed. Bar No. 18615)
MURPHY ANDERSON, PLLC
1401 K Street NW, Suite 300
Washington, DC 20005
T: (202) 223-2620 | F: (202) 296-9600
mhanna@murphypllc.com
drodwin@murphypllc.com

Daniel McNeil (*pro hac vice*)
General Counsel
American Federation of Teachers, AFL-CIO
555 New Jersey Ave. NW
Washington, DC 20001
T: (202) 393-6305 | F: (202) 393-6385
dmcneil@aft.org

Kristy Parker (*pro hac vice*)
Jane Bentrott (*pro hac vice*)
Shalini Goel Agarwal (*pro hac vice*)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
202-843-3092
kristy.parker@protectdemocracy.org
jane.bentrott@protectdemocracy.org
shalini.agarwal@protectdemocracy.org

Benjamin L. Berwick (*pro hac* forthcoming)
PROTECT DEMOCRACY PROJECT
15 Main Street, Suite 312
Watertown, MA 02472
(202) 579-4582
ben.berwick@protectdemocracy.org

Jessica A. Marsden (*pro hac vice*)
PROTECT DEMOCRACY PROJECT
510 Meadowmont Village Circle, No. 328
Chapel Hill, NC 27517
(202) 579-4582
jess.marsden@protectdemocracy.org

Laurence M. Schwartztol (*pro hac vice*)
DEMOCRACY AND RULE OF LAW CLINIC
Harvard Law School
1525 Massachusetts Avenue
Cambridge, MA 02138
(617) 998-1877
lschwartztol@law.harvard.edu

*Attorneys for Plaintiffs*

Eric J. Hamilton
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

Elizabeth J. Shapiro
*Special Admission*
Deputy Branch Director
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, N.W., Twelfth Floor
Washington, D.C. 20005
Tel: (202) 514-2705
Fax: (202) 616-8470
Elizabeth.Shapiro@usdoj.gov

Ariana Wright Arnold
USDC Md Bar No. 23000
Assistant United States Attorney
36 S. Charles St., 4th Floor
Baltimore, Maryland 21201
Tel: (410) 209-4813 Ph
Fax: (410) 962-2310 Fax
Ariana.Arnold@usdoj.gov

Philip L. Selden
Acting U.S. Attorney

/s/Emily Hall
(signed by filer with permission)

Emily Hall
*Special Admission*
Counsel to the Assistant Attorney General
Civil Division
United States Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Tel: (202) 307-6482
emily.hall@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 25th day of February, 2024, I filed a copy of the Joint Status Report via CM/ECF.

Dated:  February 25, 2025

                                      */s/ Xiaonan April Hu*

                                      Xiaonan April Hu