MUNGER, TOLLES & OLSON LLP

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100

350 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000

March 4, 2025

Writer's Direct Contact
(202) 220-1123
(213) 683-4092 FAX
April.Hu@mto.com

Judge Deborah L. Boardman
6500 Cherrywood Lane
Suite 445
Greenbelt, MD 20770

Re:   *Am. Fed'n of Teachers, et al., v. Bessent, et. al*, Civil Action No. 25-00430

Dear Judge Boardman:

Plaintiffs write to seek clarification from the Court as to whether the Temporary Restraining Order ("TRO") issued on February 24, 2025, will be extended to March 17, 2025, to ensure that Plaintiffs' personally identifiable information will remain protected up to the conclusion of the Court's hearing on Plaintiffs' Motion for Preliminary Injunction. Currently, the TRO is slated to expire on March 10, 2025, at 8:00 a.m.

On February 25, 2025, the parties filed a Joint Status Report agreeing that "the Court may extend its Temporary Restraining Order until a hearing on the merits of Plaintiffs' Motion for Preliminary Injunction." *See* ECF No. 44 at 5.

On February 26, 2025, the Court entered a paperless order setting forth a schedule for briefing and the production of an administrative record. *See* ECF No. 46. The order set a hearing on Plaintiffs' Motion for Preliminary Injunction for March 17, 2025, based on (i) Defendants' representations that they could not create and produce an administrative record prior to March 7, 2025; and (ii) Defendants' refusal to extend the TRO to March 31, 2025, the Court's next available hearing date. The paperless order did not address the TRO.

MUNGER, TOLLES & OLSON LLP

March 4, 2025
Page 2

      As the attached correspondence reflects, on March 3, 2025, Plaintiffs notified Defendants by e-mail about their intent to seek clarification from the Court as to the timing of the TRO and asked if Defendants would object to a request for clarification. Defendants responded that they had now changed their position, and object to any extension of the TRO past March 10, 2025—three days after Defendants are scheduled to produce the administrative record.

      Defendants' position on extending the TRO is replicated in full below:

> Defendants' position with respect to the relief requested in this letter, is that, as noted in the Joint Status Report, the Court may—if the Court concludes that good cause exists—extend the TRO beyond the current expiration date of March 10, 2025, at 8:00 a.m. consistent with Rule 65(b)(2) of the Federal Rules of Civil Procedure. Defendants do not consent but do not intend to file a separate response regarding Plaintiffs' request for extension of the TRO through March 17, 2025, at 5:00 p.m., the date of the preliminary Injunction hearing, which is set for 10:30 a.m. on March 17, 2025.

      Defendants' new position is not well-taken. The Joint Status Report does not include the good cause language in Defendants' email or otherwise indicate that Defendants were reserving the right to object to an extension of the TRO. To the contrary, the Joint Status Report acknowledges that the Court "may extend its Temporary Restraining Order until a hearing on the merits of Plaintiffs' Motion for Preliminary Injunction or March 24, 2025 at 8:00 a.m., whichever occurs earlier, pursuant to Federal Rule of Civil Procedure 65." Defendants did not take a different position on the February 26, 2025 call with the Court. Plaintiffs understood—both from the parties' meet and confer as well as the call with the Court—Defendants' position to be that they would not consent to extending the TRO to March 31, 2025, but that they would not oppose an extension until March 17, 2025, which is consistent with the one-time extension authorized by Rule 65.

      In any event, good cause exists to extend TRO until March 17, 2025, in light of (i) the significant irreparable harm Plaintiffs would suffer if access is restored; and (ii) the fact that an extension is necessitated due to Defendants' request for twelve days to create and produce an administrative record.

                                                      Respectfully submitted,

                                                      */s/ Xiaonan April Hu*
                                                      Xiaonan April Hu

MUNGER, TOLLES & OLSON LLP

March 4, 2025
Page 3

cc:     Emily Hall
        Elizabeth Shapiro
        Bradly Humphreys
        Ariana Arnold