IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMERICAN FEDERATION OF
TEACHERS, et al.,

              Plaintiffs,

    v.

SCOTT BESSENT, et al.,

             Defendants.

Case No. 8:25-cv-430-DLB

**STIPULATED PROTECTIVE ORDER**

With the agreement of the parties, and for good cause shown, the Court has determined to issue a protective order to govern the disclosure, use, and handling, of information contained in the administrative records to be produced by Defendants in the above-captioned action. IT IS HEREBY ORDERED as follows:

1. In the above-captioned case (this "Action"), Defendants have been ordered to produce the administrative records by 5 p.m. on March 7, 2025. ECF No. 46.

2. The Court enters this Protective Order ("Order") to protect confidential information that may be produced as part of Defendants' administrative records and to set forth mandatory procedures for persons who receive or review documents or information produced subject to this Order.

3. <u>Authorized Procedure</u>. Defendants and their counsel are hereby authorized to redact personally identifying information[1] of so-called "DOGE affiliates" that is contained in the

---

[1] For purposes of the protective order, personally identifiable information of DOGE affiliates encompasses full names, Social Security Numbers, residential addresses, e-mail addresses, dates of birth, and other personal records. It does

administrative records they produce on March 7, 2025. When doing so, Defendants shall include on the redactions an anonymized moniker for the person whose personally identifying information is redacted (*e.g.*, "Education Doe 1," "OPM Doe 1"). Defendants shall produce a list of the names of those individuals to Plaintiffs' outside counsel, subject to the terms of this Order, at the time they produce the administrative records to Plaintiffs. The list will identify which named individual corresponds to which anonymized moniker.

4. Covered Information. "Covered Information" is defined for the purposes of this Order as the names of persons contained in the list Defendants shall provide to Plaintiffs corresponding to the anonymized monikers indicated in the administrative records.

5. Persons to Whom Disclosures May Be Made. Disclosure of Covered Information is strictly limited to the Court, the Court's staff, and Plaintiffs' counsel, including associated personal necessary to assist Plaintiffs' outside counsel in this litigation, such as litigation assistants, paralegals, secretarial or other clerical personnel, litigation support services, retained experts, and outside copying services.

6. Nondisclosure of Covered Information. Plaintiffs' counsel may use Covered Information produced subject to this Order only for the purpose of this litigation (and all appeals thereof). Plaintiffs' counsel shall not disclose, in any manner whatsoever, Covered Information produced subject to this Order to any other person or entity beyond those indicated in Paragraph 7 or for any purpose other than this litigation (and all appeals thereof) without further order of this Court.

---

not include work addresses, job titles, job duties and responsibilities, chain-of-command information, employer information, or other information related to these affiliates' employment.

7. <u>Covered Information to Be Filed Under Seal</u>.  Those portions of any filings with the Court that include Covered Information provided subject to this Order shall be made under seal pursuant to the applicable rules of this Court.

8. <u>Use of Covered Information at Hearing or Trial</u>.  Defendants' position is that, because this case was brought under the Administrative Procedure Act, neither live testimony nor a trial in this matter is necessary and that review should be limited to the agencies' administrative records.  This Order, however, does not determine the use of Covered Information at a court hearing or bench trial.  To the extent Defendants desire to keep Covered Information confidential from the public as part of a hearing or bench trial, Defendants shall file a motion to that effect, which Plaintiffs will have an opportunity to oppose.  That includes any motion to seal the courtroom, in the event of live testimony.

9. <u>Continued Effect</u>.  This Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in court (unless such exhibits were filed under seal) and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Order.

10. <u>Unauthorized Disclosure</u>.  Should any Covered Information be disclosed, through inadvertence or otherwise to any person not authorized to receive the same under this Order, then the disclosing party shall use its best efforts to bind such persons to the terms of this Order.  In particular, the disclosing party shall (a) promptly inform such person in writing of all the provisions of this Order and use its best efforts to immediately retrieve all copies of the Covered Documents or Covered Information; (b) simultaneously serve, by electronic mail upon the counsel for Defendants, copies of the inadvertently disclosed material or a full description of the inadvertently

disclosed material; and (c) request such person to sign the agreement in the form attached hereto as Exhibit A.  The executed agreement shall promptly be served by electronic mail upon counsel for Defendants.

11. <u>Nonparty Demand</u>.  If any Plaintiff or their counsel in this Action receives or is served with a third-party subpoena, request for production, or some other legal demand seeking Covered Information, the served person or entity shall give prompt actual written notice, within ten days of receipt of such subpoena, demand, or legal process, to counsel for Defendants.  Defendants may then object to the production of Covered Information to the extent permitted by law.  Should the third-party seeking access to the Covered Information take action to enforce such a subpoena, demand, or other legal process, the receiving party shall respond by setting forth the existence of this Order.

12. Disclosure of information contained in the administrative records in this Action is consistent with and covered by 5 U.S.C. § 552a(b)(12) and may therefore be made without obtaining the advance written consent of the individuals about whom such records or information pertain.

13. Nothing in this Order shall bar amendment of this Order by agreement of the parties or by Order of the Court.  Any such amendment of the parties shall be made in writing and filed with the Court.

14. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or further Order of the Court.

15. The parties agree to submit to this Joint/Stipulated Order for entry by the Court and agree to be bound by its terms while waiting its entry by the Court.

16. Nothing in this Order shall be construed as prohibiting or otherwise restricting Defendants' own use or disclosure of Covered Information subject to this Order.

17. Nothing in this Order shall be construed as prohibiting Defendants from redacting email addresses, phone numbers, or other information covered by the Privacy Act or, Rule 5.2 of the Federal Rules of Civil Procedure, or the policy of the Judicial Conference of the United States to protect sensitive information.

18. Nothing in this Order requires Defendants to include in the administrative records any specific information, including information that would otherwise be properly withheld as privileged.

IT IS SO ORDERED.

Dated: March 10, 2025

Hon. Deborah L. Boardman
United States District Judge

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

AMERICAN FEDERATION OF
TEACHERS, et al.,

        Plaintiffs,

    v.

SCOTT BESSENT, et al.,

        Defendants.

Case No. 8:25-cv-430-DLB

**AFFIDAVIT OF** _____

I, _____, declare under penalty of perjury that:

    (a)    My present address is _____.

    (b)    My present employer is _____.

    And the address of my present employer is _____.

    (c)    My present occupation or job description is _____.

    (d)    I have received a copy of the Protective Order in this Action and have carefully read and understand its provisions.

    (e)    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the

Protective Order, and will not copy or use for purposes other than for this Action, any "Covered Information" (as that term is defined in the Protective Order) which I receive in this Action.

**Signature:** _____

**Date:** _____