UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| American Federation of Teachers, *et al.*, <br><br> *Plaintiffs*, <br><br> vs. <br><br> SCOTT BESSENT, in his official capacity as Secretary of the Treasury, *et al.*, <br><br> *Defendants*. | Case No. 8:25-cv-00430-DLB |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL**

## INTRODUCTION

The Court should deny Defendants' motion for a stay.[1]

Defendants' motion regurgitates the same merits arguments Defendants made in opposing a preliminary injunction and opposing a temporary restraining order. This Court has twice rejected those arguments for well-supported reasons grounded in legal precedent and, most recently, the administrative record. Defendants do not identify any reason to revisit those conclusions.

Defendants' bald assertions of irreparable harm are not well-taken. As the Court correctly noted, the administrative record does not provide *any* reason why DOGE affiliates stationed within each Defendant agency *need* to see Plaintiffs' personally identifiable information ("PII")—including social security numbers, citizenship status, financial information, and more—to complete their "work to modernize federal government systems," Mot. at 5. *See* Mem. Op. at 42–61. Defendants' invocation of "waste, fraud, and abuse" is belied by the administrative record and "appears to be created out of whole cloth." Mem. Op. at 49; *see also id.* at 54, 59.

Defendants demand that this Court stay its injunction so that they may access million of Americans' PII for reasons they have never been able to explain and in clear violation of the Privacy Act's protections. That falls well short of the "strong showing" necessary to stay the Court's order of preliminary injunctive relief. *See Whole Women's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021).

## ARGUMENT

An applicant seeking to stay a preliminary injunction order must make a "strong showing that he is likely to succeed on the merits" and that he will be "irreparably injured absent a stay."

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted).  Courts will also consider "whether issuance of the stay will substantially injure the other parties interested in the proceeding" and "where the public interest lies." *Id.*  Defendants cannot satisfy *any* of these factors, much less all of them.

**This Court Has Repeatedly Rejected Defendants' Merits Arguments.**  When, as here, Defendants "merely recite the same arguments outlined in their" opposition brief to argue that they have made a "strong showing that [they are] likely to succeed on the merits"—courts routinely conclude that the first stay factor has not been met.  *Mayor & City Council of Baltimore v. BP PLC*, No. 18-cv-2357-ELH, 2019 WL 3464667, at *2, *4–5 (D. Md. July 31, 2019); *see also Goldberg v. Skyline Tower Painting Inc*, No. 1:23-cv-01708-JRR, 2024 WL 1721069, at *1 (D. Md. Apr. 22, 2024) ("Where Defendants largely rehash arguments that the court rejected . . . they fail to establish a strong showing of likely success on the merits" (cleaned up and citation omitted)).

Defendants' motion for a stay does not engage with any of the detailed reasoning undergirding this Court's decision on standing, final agency action, or the merits of Plaintiffs' claims, and the motion tellingly does not cite—even once—to the administrative record in support of their bald-faced assertion that DOGE affiliates have a "need to know" Plaintiffs' PII. *See* Mot. at 3–4.  Such cavalier treatment of the Court's decision does not amount to any showing of a likelihood of success on the merits—much less the "strong" showing that the law requires.  *Whole Women's Health*, 141 S. Ct. at 2495.

---

[1] Plaintiffs requested additional time to respond to Defendants' correspondence this morning regarding their motion for a stay to account for a time difference and were about to communicate their opposition to counsel for Defendants when Defendants filed their motion for stay.

**Defendants Claim Irreparable Harm But Cannot Explain Their Need to Access PII.**

Defendants' arguments on irreparable harm are equally meritless and ignore the litany of cases cited by the Court concluding that the non-public disclosure of information to persons unauthorized to view it—including persons within the government or Congress—amounts to irreparable harm, *see* Mem. Op. at 61–65.  As the administrative record reflects, and as this Court correctly recognized, it is simply not the case that Defendants will be irreparably harmed by the injunction. *Id.* at 65–66.  Although Defendants assert that the injunction amounts to "an improper intrusion by a federal court into the workings of a coordinate branch of the Government," Mot. at 5, they ignore that judicial review of an agency's decision to disclose sensitive personal records is precisely the sort of the review the Privacy Act of 1974 and the Administrative Procedure Act contemplates.  "It is emphatically the province and duty of the judicial department to say what the law is." *United States v. Windsor*, 570 U.S. 744, 762 (2013) (quoting *Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 196 (2012)).  The Court's exercise of its judicial powers is not a basis to stay a preliminary injunction.

Nor is it the case, as Defendants assert, that the injunction "impinges on the President's broad authority" to direct employees to "modernize federal government systems and identify fraud, waste, and abuse." Mot. at 5.  First, there is *no evidentiary support* for Defendants' claim that modernizing federal government systems requires access to Plaintiffs' PII when other, less intrusive, means of access exist (such as redacting PII, as is custom within Defendant agencies).  Defendants therefore do not, and cannot, point to evidence of any kind even suggesting that the injunction will prevent modernizing any systems.  Second, there is nothing in the administrative record that shows access was required—much less granted—to "identify fraud, waste, and abuse."  As the Court found after exhaustively detailing the evidence in the administrative

record, Defendants' "fraud, waste, and abuse" rationale—advanced for the first time in litigation—"appears to be created out of whole cloth." Mem. Op. at 49. Defendants cannot point to any actual need for DOGE affiliates to access this information and therefore cannot possibly be harmed by an order preventing that access. *See, e.g.*, *PLFAG, Inc. v. Trump*, No. 25-cv-337-BAH, 2025 WL 685124, at *29, *32 (D. Md. Mar. 4, 2025) (denying motion to stay injunction pending appeal because, among other reasons, "[t]he Government . . . has adduced no evidence that any harm will result" from the preliminary injunction).

Defendants similarly have failed to show that the public interest and balance of the equities weigh in favor of a stay. A stay would permit Defendants to fling open their "virtual filing cabinets" containing troves of Plaintiffs' PII to DOGE affiliates without any lawful authorization. Mem. Op. at 23. This level of intrusion into Plaintiffs' personal information is grave and irreparable, and the public interest is not furthered by a stay that allows the government to continue violating the law. *See Sec. Indus. Ass'n v. Bd. of Governors of Fed. Rsrv. Sys.*, 628 F. Supp. 1438, 1440, 1442 (D.D.C. 1986) (denying motion for stay where applicant's "extraordinary request" was for the Court to "maintain a status quo that the Court has concluded is illegal").

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion for Stay.

DATED: March 24, 2025

By:   */s/Xiaonan April Hu*

Xiaonan April Hu (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, DC 20001
(202) 220-1123
April.Hu@mto.com

John L. Schwab (*pro hac vice*)
Wendy Q. Xiao (*pro hac vice*)
Liam Gennari (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S Grand Ave 50th Floor
Los Angeles, California 90071
(213) 683-9260
John.Schwab@mto.com
Wendy.Xiao@mto.com
Liam.Gennari@mto.com

Carson Scott (*pro hac vice*)
Roman Leal (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
(415) 512-4000
Carson.Scott@mto.com
Roman.Leal@mto.com

Mark Hanna (Fed. Bar No. 16031)
David J. Rodwin (Fed. Bar No. 18615)
MURPHY ANDERSON PLLC
1401 K Street NW, Suite 300
Washington, DC 20005
T: (202) 223-2620 | F: (202) 296-9600
mhanna@murphypllc.com
drodwin@murphypllc.com

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL

Daniel McNeil (*pro hac vice*)
General Counsel
American Federation of Teachers, AFL-CIO
555 New Jersey Ave. NW
Washington, DC 20001
T: (202) 393-6305 | F: (202) 393-6385
dmcneil@aft.org

Benjamin L. Berwick (*pro hac* forthcoming)
PROTECT DEMOCRACY PROJECT
15 Main Street, Suite 312
Watertown, MA 02472
(202) 579-4582
ben.berwick@protectdemocracy.org

Jessica A. Marsden (*pro hac vice*)
PROTECT DEMOCRACY PROJECT
510 Meadowmount Village Circle, No. 328
Chapel Hill, NC 27517
(202) 579-4582
jess.marsden@protectdemocracy.org

Kristy Parker (*pro hac vice*)
Jane Bentrott (*pro hac vice*)
Shalini Goel Agarwal (*pro hac vice*)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave. NW, Suite 163
Washington, DC 20006
(202) 843-3092
kristy.parker@protectdemocracy.org
jane.bentrott@protectdemocracy.org
shalini.agarwal@protectdemocracy.org

Laurence M. Schwartztol (*pro hac vice*)
DEMOCRACY AND RULE OF LAW CLINIC
Harvard Law School
1525 Massachusetts Avenue
Cambridge, MA 02138
(617) 998-1877
lschwartztol@law.harvard.edu

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING APPEAL